UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE MODUSLINK GLOBAL SOLUTIONS, INC. SECURITIES LITIGATION | CASE NO. 1:12-CV-11044 |

**[PROPOSED] ORDER AND FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE**

This matter came before the Court to determine whether a proposed settlement (the "Settlement") as set forth in a Stipulation of Settlement, dated October 23, 2014 (the "Stipulation"), entered into, on the one hand, by the Court-appointed lead plaintiffs in this action (the "Litigation") Richard Nicoll and John Sabath ("Lead Plaintiffs"), on behalf of themselves and all members of the putative class, and, on the other hand, ModusLink Global Solutions, Inc. ("ModusLink"), Joseph Lawler ("Lawler") and Steven Crane ("Crane") (collectively, "Defendants"), should be finally approved as fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure. Having considered all papers filed and proceedings held herein, including a hearing (the "Settlement Hearing") held on March 11, 2015, and good cause appearing therefore, the Court has determined that the Settlement as set forth in the Stipulation should be approved as fair, reasonable and adequate. The Court hereby enters this Order and Final Judgment (the "Judgment") dismissing the Litigation as to all claims and all Defendants with prejudice and on the merits.[1]

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Court has jurisdiction over the subject matter of the Litigation and over Defendants, Lead Plaintiffs and all members of a class (the "Settlement Class") of all persons or entities who purchased or otherwise acquired shares of ModusLink common stock from September 26, 2007 through June 8, 2012, inclusive (the "Settlement Class Period"), and who were allegedly damaged thereby ("Settlement Class Members"). Excluded from the Settlement Class are Defendants and all officers and directors of ModusLink, and all such excluded persons' Immediate Family members, legal representatives, heirs, predecessors, successors and assigns, and any entity in which any excluded person has or had a controlling interest. Also excluded

---

[1] Capitalized terms not otherwise defined herein have the meanings assigned to them in the Stipulation.

from the Settlement Class are the persons identified on Exhibit A hereto who have filed valid and timely requests for exclusion.

2. For purposes of the Settlement only, the Court finds that the Settlement Class satisfies the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to Settlement Class Members; (c) Lead Plaintiffs' claims are typical of the claims of the Settlement Class that they seek to represent; (d) Lead Plaintiffs will fairly and adequately represent the interests of the Settlement Class with respect to the claims asserted against Defendants; (e) the questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the claims asserted against the Defendants.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the Settlement only, Lead Plaintiffs are certified as Settlement Class Representatives and Lead Plaintiffs' counsel, Saxena White P.A., is certified as Settlement Class Counsel.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to, and in the best interests of, Lead Plaintiffs, the Settlement Class, and each of the Settlement Class Members. The Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiffs, Settlement Class Members and Defendants. Accordingly, the Settlement set forth in the Stipulation is hereby approved in all

respects, and Lead Plaintiffs and Defendants are hereby directed to consummate the Settlement in accordance with the terms of the Stipulation.

5. The Litigation and all claims contained therein, including all of the Released Claims, are hereby dismissed with prejudice as against each and all of the Released Persons. The parties are to bear their own fees and costs, except as otherwise provided for in the Stipulation.

6. Lead Plaintiffs and all Settlement Class Members, on behalf of themselves, their current and future heirs, executors, administrators, successors, attorneys, insurers, agents, representatives, and assigns, and any person they represent, hereby fully, finally and forever release, relinquish and discharge any and all Released Claims against any and all Released Persons, whether or not such Lead Plaintiff or Settlement Class Member executes the Proof of Claim and Release.

7. Lead Plaintiffs and all Settlement Class Members, on behalf of themselves, their current and future heirs, executors, administrators, successors, attorneys, insurers, agents, representatives, and assigns, and any person they represent, waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Lead Plaintiffs and all Settlement Class Members, on behalf of themselves, their current and future heirs, executors, administrators, successors, attorneys, insurers, agents, representatives, and assigns, and any person they represent, waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or international or foreign law, which is

similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each Lead Plaintiff and each Settlement Class Member fully, finally, and forever settles and releases any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

8. Each of the Released Persons fully, finally, and forever releases, relinquishes, and discharges Lead Plaintiffs, all Settlement Class Members and Settlement Class Counsel from all claims arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

9. Lead Plaintiffs and all Settlement Class Members, on behalf of themselves, their current and future heirs, executors, administrators, successors, attorneys, insurers, agents, representatives, and assigns, and any person they represent, are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum asserting, any and all Released Claims against any and all Released Persons, whether or not such Lead Plaintiff or Settlement Class Member executes the Proof of Claim and Release.

10. Nothing in this Judgment shall in any way impair or restrict the rights of Lead Plaintiffs or Defendants to enforce the terms of the Stipulation.

11. The Court finds that the manner of providing notice of the Settlement to the Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and due process, satisfies Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; is the best notice practicable

under the circumstances; and constitutes due and sufficient notice to all persons entitled thereto. No Settlement Class Member shall be relieved or excused from the terms of the Settlement, including the releases of claims provided for thereunder, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. The Court finds that a full opportunity has been afforded to Settlement Class Members to object to the Settlement and/or to participate in the Settlement Hearing. It is therefore determined that all Settlement Class Members are bound by this Judgment, except those persons listed on Exhibit A hereto.

12. The Court finds that Defendants timely mailed notice to those required by the Class Action Fairness Act, 28 U.S. C. § 1715, to receive notice of the Settlement ("CAFA Notice"). The form of notice and method of providing notice complied with all requirements of CAFA necessary to make the Releases herein binding upon Settlement Class Members.

13. The Court finds that the Plan of Allocation is a fair and reasonable method to distribute the Settlement Fund to the Settlement Class.

14. The Escrow Agent shall continue to serve as such for the Settlement Fund, until such time as all funds in the Settlement Fund are distributed pursuant to the terms of the Stipulation or further order of the Court.

15. Neither the Stipulation nor the Settlement, whether or not consummated, nor any negotiations, discussions, proceedings, acts performed or documents executed pursuant to or in furtherance of the Stipulation or the Settlement, is or may be:

    (a) deemed to be, or used as, an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any Defendant;

    (b) offered or received against any Defendant as evidence of a presumption, concession, admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against Lead Plaintiffs or any Settlement Class Member as evidence of any infirmity in the claims of Lead Plaintiffs and the Settlement Class;

(c) deemed to be, or used as, an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation, including the releases therein;

(d) construed against Defendants, Lead Plaintiffs or the Settlement Class as an admission or concession that the consideration provided for in the Stipulation represents the amount that could be or would have been recovered after trial.

16. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

17. The Court finds that an award of attorneys' fees to Settlement Class Counsel in the amount of $1,333,333.33 is fair and reasonable. In addition, the Court grants the amount of $75,000 to Settlement Class Counsel as reimbursement of reasonable litigation expenses, and the amount of $2,000 to Lead Plaintiff Richard Nicoll as reimbursement of his reasonable costs and expenses directly relating to their representation of the Settlement Class. The foregoing amounts shall be paid from the Settlement Fund in accordance with the terms of the Stipulation. Any appeal from the portion of this Judgment that relates solely to the fees and expenses granted hereunder shall have no effect on the finality of this Judgment or the Effective Date as provided for in the Stipulation.

18. Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and

Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

19. In the event that the Settlement does not become Effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20. The Court finds that Lead Plaintiffs and Defendants and their respective counsel complied at all times with the requirements of Federal Rule of Civil Procedure 11 during the course of this Litigation.

21. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: March 11, 2015

_____
THE HONORABLE DENISE J. CASPER
UNITED STATES DISTRICT JUDGE